IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:13-cv-3223-L-BN |
| JAMES HAROLD BULLINGTON AND ALL OCCUPANTS, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Defendant James Harold Bullington, proceeding *pro se*, removed this civil action arising out of eviction proceedings brought in state court by Plaintiff Federal National Mortgage Association a/k/a Fannie Mae to this Court on grounds of diversity jurisdiction. *See* Dkt. No. 3.

After reviewing the notice of removal, the undersigned *sua sponte* questioned whether removal is proper. As a result, the undersigned issued an order permitting Defendant to provide facts supporting diversity jurisdiction, which is alleged in

Defendant's notice of removal. *See* Dkt. No. 6. Plaintiff filed its Motion to Remand on August 23, 2013, arguing that remand is appropriate because the removal contravened 28 U.S.C. § 1441(b)'s forum-defendant rule. *See* Dkt. No. 7. Defendant responded to the Motion to Remand but did not address this defect in removal. *See* Dkt. No. 8. Rather, Defendant again affirmed that all defendants are citizens of Texas. *See id.* at 3-4. Defendant did not separately respond to the Court's August 22, 2013 order [Dkt. No. 6].

The undersigned concludes that the removal of this action was defective because it contravened 28 U.S.C. § 1441(b)'s forum-defendant rule and that Defendant has failed to meet the burden to establish that federal jurisdiction exists over Plaintiff's forcible detainer action. Plaintiff's motion to remand [Dkt. No. 7] should be granted.

## Legal Standards and Analysis

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir.

1983). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The undersigned finds remand to be appropriate on the basis of the forum-defendant rule, which Plaintiff has raised. *See* Dkt. No. 7; Dkt. No. 7-1. Defendant has represented that all of the Defendants are citizens of Texas – the same state where Plaintiff filed the underlying eviction proceeding. *See* Dkt. No. 3 at 3-4; Dkt. No. 8 at 3-4. And Defendants were properly joined and served in the state court action. *See* Dkt. No. 3. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective). Accordingly, the case should be remanded for this reason alone.

As discussed more fully below, however, the undersigned also concludes that the Court lacks subject matter jurisdiction because the amount-in-controversy requirement was not met and no federal question jurisdiction exists.

Defendant's Notice of Removal asserts that this Court has jurisdiction because this matter "is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." Dkt. No. 3 at 2. That is because, according to Defendant, the fair market value of the property at issue exceeds $75,000. *See id.* at 3; Dkt. No. 8 at 3. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in

controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g., Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (citing cases). The only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property at issue. And, here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the property or that the value of that right exceeds $75,000. Despite Defendant's claims, evidence of a property's fair market value is not evidence of the value of the right to possess the property for purposes of establishing the amount in controversy in a removed eviction proceeding. *See Fed. Nat'l Mortg. Ass'n v. Salako,* No 3:13-cv-722-O-BF, 2013 WL 1703570, at *2 (N.D. Tex. Mar. 27, 2013), *rec. adopted*, 2013 WL 1715315 (N.D. Tex. Apr. 19, 2013); *see also Wells Fargo Bank v. Matts,* No. 3:12-cv-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (collecting cases). Accordingly, the undersigned concludes that Defendant has failed to satisfy the burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a).

Additionally, in Defendant's response to the undersigned's show cause order,

Defendant states that "this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a cause of action under the laws of the United States." Dkt. No. 8 at 2. Defendant provides no further facts supporting federal question jurisdiction, except to cite to 28 U.S.C. §§ 1681 and 1367. *See id.* These statements do not establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27- 28 (1983)). Defendant's removal papers and response to Plaintiff's Motion to Remand are wholly unclear as to what constitutes the federal question or questions at issue.

Defendant has not shown that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. *See generally Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE

ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."). Accordingly, Defendant has failed to satisfy the burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009).

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction.

In its Motion to Remand, Plaintiff also requests an award of its attorneys' fees incurred as a result of Defendant's removal. Dkt. No. 7-1 at 2. An award of attorneys' fees under 28 U.S.C. § 1447(c) is within the Court's discretion. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Because Defendant is proceeding *pro se*, the undersigned recommends that, in this case, the Court decline to award Plaintiff's requested attorneys' fees. *See Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, at *5 (N.D. Tex. Nov. 16, 2010) (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*); *see generally Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

**Recommendation**

The undersigned concludes that the removal of the action *Federal National Mortgage Association a/k/a Fannie Mae v. James Harold Bullington and All Occupants*, Case No. 3:13-cv-3223-L-BN, was defective because it contravened 28 U.S.C. § 1441(b)'s forum-defendant rule and, additionally, the Court lacks subject matter jurisdiction over *Federal National Mortgage Association a/k/a Fannie Mae v. James Harold Bullington and All Occupants*, Case No. 3:13-cv-3223-L-BN. Accordingly, the undersigned recommends granting Plaintiff's Motion to Remand [Dkt. No. 7] and remanding the action to County Court at Law No. 1, Tarrant County, Texas, from which it was removed. The undersigned also recommends denying Plaintiff's request for an award of attorneys' fees.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 11, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE